**Affirmed as modified; Opinion Filed April 6, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00719-CR**
**No. 05-19-00724-CR**
**No. 05-19-00726-CR**
**No. 05-19-00727-CR**
**No. 05-19-00731-CR**
**No. 05-19-00733-CR**
**No. 05-19-00734-CR**
**No. 05-19-00750-CR**

**MICHAEL DON GONZALES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 296-80901-2018, 296-80914-2018, 296-81450-2018,**
**296-81451-2018, 296-81453-2018, 296-81455-2018, 296-81454-2018,**
**296-81452-2018**

## MEMORANDUM OPINION

Before Justices Myers, Whitehill, and Pedersen, III
Opinion by Justice Myers

Michael Don Gonzales appeals his convictions for eight offenses consisting

of three counts of evading arrest with a vehicle, two counts of aggravated assault,

and one count each of leaving the scene of an accident involving serious bodily

injury, unlawful use of a motor vehicle, and possession of less than one gram of

heroin. Appellant pleaded guilty to the offenses. The punishment for each of the convictions was enhanced by evidence that appellant had two prior felony convictions. On appeal, appellant brings three issues contending the evidence is insufficient to support the prior convictions and the trial court erred by admitting the prior convictions. We modify the trial court's judgments to provide that appellant pleaded not true to Count A and true to Count B of the enhancement paragraphs, and we affirm the trial court's judgments as modified.

## ADMISSIBILITY OF THE PRIOR CONVICTIONS

In his first issue, appellant contends the trial court erred by admitting evidence of the prior convictions alleged in the State's notice of intent to enhance punishment. We review a trial court's decision to admit evidence for abuse of discretion. *Colone v. State*, 573 S.W.3d 249, 263–64 (Tex. Crim. App. 2019).

Appellant argues the prior convictions were inadmissible because the State did not give appellant notice that it would be using the prior convictions to enhance his punishment, the exhibits containing the prior convictions were hearsay, and the State failed to prove appellant was the person convicted of one of the prior convictions.

### Notice of the Prior Convictions

The record of these cases includes the "State's Notice of Intent to Use Prior Convictions for Enhancement." The notice listed two prior convictions. Count A alleged appellant had a prior conviction for possession of more than one gram but

less than four grams of a penalty group 1 controlled substance, and that the conviction was final before the commission of the offense in Count B and before appellant committed the offenses in this case. Count B alleged appellant had a prior conviction for evading arrest with a vehicle and that the offense was final before appellant committed the offenses in this case. The notice includes a certificate of service stating the State served appellant's counsel with the notice on February 11, 2019, forty-five days before the trial.

At trial, the court asked appellant if he and his counsel "ha[d] been notified that you are a habitual offender," and appellant said, "Yes, Your Honor." The notice was not filed with the district clerk until a week after the trial.

The State is required to provide notice of its intent to use a defendant's prior convictions for enhancement purposes. *Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997) (prior convictions used as enhancements must be pleaded in some form, but they need not be pleaded in the indictment). Under a due-process analysis, the issue is "whether appellant received sufficient notice of the enhancements so that he had an opportunity to prepare a defense to them." *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010). An appellate court "look[s] to the record to identify whether appellant's defense was impaired by the timing of the State's notice." *Id.* When a defendant has no defense to an enhancement allegation and makes no suggestion of the need for a continuance in order to prepare a defense, notice given even at the beginning of the punishment phase satisfies the due-process

requirements of the United States Constitution as well as the due-course-of-law requirements of the Texas Constitution. *Villescas*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006); *see also Mayfield v. State*, 219 S.W.3d 538, 540 (Tex. Crim. App. 2007).

In this case, appellant did not object at trial to any lack of notice. Instead, the record shows appellant and his counsel had discussed the enhancement allegations and had originally decided to plead true to the allegations. When they learned that the evidence for one of the convictions did not contain appellant's fingerprints, they changed their minds and decided appellant would plead not true to that enhancement allegation. We conclude the record establishes appellant received sufficient notice of the State's intent to use the prior convictions for enhancement.

**Admissibility of the Possession-of-a-Controlled-Substance Prior Conviction**

Appellant argues the trial court erred by admitting evidence that appellant had a prior conviction for possession of a controlled substance. The State's evidence of this conviction did not include the fingerprints of the person convicted.

The documents associated with this prior conviction were contained in State's Exhibit 17, which consisted of the judgment of conviction and the "Judgment Certificate of Defendant's Prints." The Certificate of Defendant's Prints did not have any visible fingerprints.

The State presented the testimony of Ryan Harvey, a fingerprint expert, to link the judgment of conviction to appellant. He testified that when a person is arrested and his fingerprints are taken, the fingerprint card is sent to Austin and run through

–4–

"AFIS."[1] The person is then assigned an "SID," or State ID number,[2] and an FBI number. Harvey testified that the "SID number" is a "very unique identification number." He stated he ran appellant's SID and FBI numbers through certain databases and that the judgment and sentence in State's Exhibit 17 "popped up on his history." The prior conviction in the database was for a person with appellant's name, date of birth, and State ID number, and the prior conviction had the same cause number and date of sentence as the one in State's Exhibit 17.

Appellant argues State's Exhibit 17 was not admissible because it "is a barefaced, uncertified copy of a purported J&S [judgment and sentence] and which is incomplete and suspect on its face." Appellant also asserts the exhibit "consists of inadmissible hearsay, was not properly authenticated or proved and should have been excluded." Appellant argues that the exhibit is "incomplete and suspect on its face" because the "Judgment Certificate of Defendant's Prints" states appellant's fingerprints were taken at the time of disposition of the case and that the certification was made in open court, but no fingerprints are visible on the certificate.

---

[1] The Automated Fingerprint Identification System. *See Ex Parte Miles*, 359 S.W.3d 647, 654 (Tex. Crim. App. 2012); *see also Lightner v. State*, No. 05-11-01659-CR, 2013 WL 1819992, at *8 (Tex. App.— Dallas Apr. 30, 2013, no pet.) (mem. op., not designated for publication) ("[O]ur review of Texas case law demonstrates it is well-known throughout this state that AFIS is a fingerprint database, whose letters stand for the Automated Fingerprint Identification System.").

[2] Harvey did not testify that the "SID number" was the "State ID number." However, he testified that appellant's SID number is TX06364381, and the judgment for each of the felony prior convictions that were admitted without objection states appellant's "State ID No." is TX06364381.

To preserve a complaint for appellate review, a party must object and state the specific grounds for the objection. *See* TEX. R. APP. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The argument raised on appeal must comport with the objection made at trial or error is not preserved. *See Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014); *Gutierrez v. State*, No. 05–16–00552–CR, 2017 WL 6616631, at *2 (Tex. App.—Dallas Dec. 28, 2017, no pet.) (mem. op., not designated for publication). Appellant did not object at trial that the exhibit was not certified or otherwise properly authenticated. The trial court stated that the "J&S" was certified, and appellant's counsel stated it was subject to the hearsay exception for public records. *See* TEX. R. EVID. 803(8). Appellant also did not object in the trial court that the absence of appellant's fingerprints on the fingerprint certificate made the exhibit inadmissible because it was only a partial document. Accordingly, these objections are not preserved for appellate review.

Appellant also argues that Harvey's testimony about the SID number was inadmissible hearsay. We disagree. That appellant's SID number was TX06364381 was admitted through Harvey's testimony and was printed on the judgments from appellant's other felony convictions. To the extent appellant argues that Harvey's testimony that the SID is a "very unique" number is hearsay, appellant is incorrect. The trial court could conclude that testimony was not based on an out-of-court statement but on Harvey's knowledge as a fingerprint expert.

–6–

Appellant also argues that Harvey's testimony about using data from databases was inadmissible hearsay. However, we need not determine whether that testimony was hearsay because it was not necessary to link appellant to the judgment and sentence in State's Exhibit 17. Harvey testified that the SID number assigned to a person is "very unique." Harvey's testimony and the exhibits from appellant's other convictions showed appellant's State ID number was TX06364381, and the judgment and sentence in State's Exhibit 17 states the State ID number for the person convicted in that case was TX06364381. This was sufficient evidence to link appellant to the judgment and sentence in State's Exhibit 17. Harvey's testimony about running appellant's information through the databases was not necessary to link appellant to the prior conviction. Appellant argues, "While the identical names, date of birth and SID number may indicate the person is probably the same, probably is not good enough when it is the critical element being used for enhancement." Although names and dates of birth are not unique, meaning multiple persons could have the same name and birth date, Harvey testified that the State ID number assigned to a person is unique. These facts were sufficient to prove the prior conviction. *See Barnes v. State*, 585 S.W.3d 643, 650 (Tex. App.—Texarkana 2019, pet. granted) (documents concerning prior convictions linked to defendant where person convicted had the same name and Texas State ID number as defendant); *Wilson v. State*, No. 05-17-01191-CR, 2018 WL 4767154, at *2 (Tex. App.—Dallas Oct. 3, 2018, no pet.) (mem. op., not designated for publication) (trial court did not

–7–

err by admitting documents of prior convictions where person convicted had same name, birth date, and State ID number as defendant).

Appellant also argues the trial court erred by admitting State's Exhibit 27, which was information from the Collin County Sheriff's Office about appellant. The exhibit included a list of appellant's charges and sentences and included the offense, cause number and sentence for the conviction in State's Exhibit 17. Appellant argues this exhibit was hearsay. Even if State's Exhibit 27 was inadmissible, its admission was not reversible error unless it probably affected appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b). The purpose of State's Exhibit 27 was to show appellant was the person convicted in State's Exhibit 17. As discussed above, the evidence was sufficient without State's Exhibit 27 to show appellant was the person convicted in State's Exhibit 17.

We conclude the trial court did not abuse its discretion by admitting the prior convictions alleged in the State's notice of intent to enhance punishment. We overrule appellant's first issue.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, appellant contends "the evidence is factually and legally insufficient to support the trial court's determination that appellant is a habitual offender or the trial court's sentencing of appellant as a habitual offender."

In 2010, the court of criminal appeals abolished factual sufficiency review where the State has the burden of proof beyond a reasonable doubt. *See Brooks v.*

*State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The court of criminal appeals "decide[d] that the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Id.* at 895. The State's burden of proof when it alleges a defendant has a prior conviction is to prove the conviction beyond a reasonable doubt. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Therefore, review of the factual sufficiency of the evidence is not appropriate.

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists and (2) the defendant is linked to that conviction." *Id.* Texas law does not require that a prior conviction be proved in a specific manner. *Id.* at 922.

Appellant argues the evidence is legally insufficient without State's Exhibits 17 and 27 and Harvey's hearsay testimony about the databases. However, in reviewing the sufficiency of the evidence, "the appellate court must look at all the evidence, whether properly or improperly admitted." *Miles v. State*, 918 S.W.2d 511, 512 (Tex. Crim. App. 1996) (quoting *Alexander v. State*, 866 S.W.2d 1, 3 (Tex. Crim. App. 1993)). Therefore, we consider State's Exhibits 17 and 27 and Harvey's testimony. As discussed above, the other prior convictions showed that the defendant convicted of the prior possession-of-a-controlled-substance offense was someone with appellant's name and State ID number. Harvey testified that his

review of databases showed someone with appellant's name, date of birth, and State ID number was convicted of that offense. State's Exhibit 27 showed appellant had a conviction for the same cause number and sentence as the judgment and sentence in State's Exhibit 17. We conclude this evidence is sufficient for a rational trier of fact to determine beyond a reasonable doubt that the prior conviction existed and that appellant is linked to that conviction. *See Flowers*, 220 S.W.3d at 921.

Appellant may also be arguing that the evidence is insufficient to support the other alleged prior conviction. However, appellant acknowledges in his brief that he pleaded true to this enhancement allegation.[3] A defendant's plea of true to an enhancement allegation satisfies the State's burden of proof as to that allegation. *Thomas v. State*, 312 S.W.3d 732, 741 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). The State alleged that before appellant committed the offenses in this appeal, he was convicted on June 24, 2015 in cause number 219-80702-2015 in the 219th District Court of Collin County, Texas, of committing the offense of evading arrest with a motor vehicle. State's Exhibit 20 is the judgment of conviction for that cause number in that court for that offense. The judgment states the judgment was entered on "06/24/2015." Appellant did not object to the admission of this exhibit. We

---

[3] Appellant states in his brief, "the record reflects that Appellant pleaded 'true' to one of the enhancement 'paragraphs' but 'not true' to the other 'paragraph.'" In appellant's discussion of why there was no evidence to support Count A, appellant states there was no evidence "to support the enhancement paragraph to which Appellant pleaded 'not true' and which the state was obligated to prove pursuant to its notice of intent to enhance punishment." We interpret these provisions to mean that appellant pleaded not true to Count A and that he pleaded true to Count B.

–10–

conclude this evidence is sufficient for a rational trier of fact to determine beyond a reasonable doubt that the prior conviction existed and that appellant is linked to that conviction. *See id.*

Appellant also argues that "proper notice and proof of Appellant's alleged two prior felonies is lacking because the state failed to amend the indictments or otherwise file or present or prove its enhancement paragraphs at the 'open' plea hearing." As discussed above, the State had to provide appellant with notice of its intent to use appellant's prior convictions for enhancement purposes. *Brooks*, 957 S.W.2d at 33–34. But the notice need not be in the indictment. *Id.* at 34. The State provided appellant with written notice of its intent to use two of appellant's prior convictions for enhancement of his punishment. The fact that the notice was not included in the indictments does not make the evidence insufficient to support the trial court's verdict on the prior convictions.

We overrule appellant's second issue.

## VALIDITY OF THE JUDGMENTS

In his third issue, appellant contends "the judgments of conviction are invalid on their face and are not supported by the indictments, evidence, or record on appeal." Appellant argues the judgments are invalid because the evidence is insufficient to support the prior convictions and the prior convictions were not included in the indictments. We have addressed those arguments in the preceding two issues.

Appellant also argues there is error in the judgments concerning the three offenses for evading arrest with a motor vehicle and for the offense of leaving the scene of an accident resulting in serious bodily injury. In these cases, the trial court found the allegations of two prior convictions true. At the close of the punishment phase, the trial court orally sentenced appellant to fifteen years' imprisonment for these offenses. However, the written judgments state the punishment is twenty-five years' imprisonment. The docket sheets for these cases show the trial court sentenced appellant to twenty-five years.

These offenses were third degree felonies. *See* TEX. PENAL CODE ANN. § 38.04(b)(2) (evading arrest with a vehicle); TEX. TRANSP. CODE ANN. § 550.021(c)(1)(B) (failure to stop and render aid in accident resulting in serious bodily injury). The range of punishment for a felony other than a state jail felony enhanced by two prior convictions is imprisonment for twenty-five years to ninety-nine years or life. PEN. § 12.42(d).

"A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (citations omitted). The fifteen-year sentence for these offenses was outside the range of punishment and was an illegal sentence. The written judgments stating appellant's sentence was twenty-five years

–12–

for each of these offenses set forth punishment that was within the range of punishment.

Appellant argues that because the orally announced punishment was illegal, we should set aside the judgments. We disagree. When the orally pronounced sentence is illegal and unenforceable, but the sentence in the written judgment is legal and enforceable, the written judgment is not reformed unless the variance affects appellant's substantial rights. *See Evans v. State*, No. 01-11-00021-CR, 2012 WL 1379632, at *2 (Tex. App.—Houston [1st Dist.] Apr. 19, 2012, no pet.) (mem. op., not designated for publication). We disregard any error that does not affect appellant's substantial rights. *Id.*; TEX. R. APP. P. 44.2(b). In this case, the minimum sentence for these third degree felonies enhanced by two prior convictions was twenty-five years. PEN. § 12.42(d). The written judgments show sentences of twenty-five years. Because the written judgments provide the minimum sentence, any variance between the oral pronouncement and the punishment set forth in the judgments did not affect appellant's substantial rights.

Appellant also argues the judgments contain error because they state appellant pleaded true to the second enhancement paragraph. The record shows appellant pleaded not true to enhancement paragraph Count A. This Court has the power to correct and reform the judgments of the court below to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v.*

–13–

*State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc when the evidence necessary to correct the judgment appears in the record. *Asberry*, 813 S.W.2d at 530. Appellate courts may reform judgments to correct improper recitations or omissions relating to punishment, delete affirmative findings improperly entered into the judgment, and correct statutory references. *See id.*; *Medlock v. State*, No. 05-11-00668-CR, 2012 WL 4125922, at *1 (Tex. App.—Dallas Sept. 20, 2012, no pet.) (mem. op., not designated for publication). We modify the judgments to provide that appellant pleaded not true to Count A and true to Count B.

## CONCLUSION

We modify the judgment in each case to provide appellant pleaded not true to enhancement paragraph Count A and that he pleaded true to enhancement paragraph Count B. We affirm the judgments as modified.


/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190719F.U05

–14–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

MICHAEL DON GONZALES, Appellant

No. 05-19-00719-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-80901-2018.
Opinion delivered by Justice Myers. Justices Whitehill and Pedersen, III participating.

Based on the Court's opinion of this date, the nunc pro tunc judgment of the trial court is **MODIFIED** as follows:

"Enhancement Paragraph Count A:  Pleaded Untrue"; "Finding on Enhancement Paragraph Count A:  Found True"; "Enhancement Paragraph Count B:  Pleaded True"; and "Finding on Enhancement Paragraph Count B:  Found True".

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of April, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

MICHAEL DON GONZALES,
Appellant

No. 05-19-00724-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-80914-
2018.
Opinion delivered by Justice Myers.
Justices Whitehill and Pedersen, III
participating.

Based on the Court's opinion of this date, the nunc pro tunc judgment of the trial court is **MODIFIED** as follows:

"Enhancement Paragraph Count A:  Pleaded Untrue"; "Finding on Enhancement Paragraph Count A:  Found True"; "Enhancement Paragraph Count B:  Pleaded True"; and "Finding on Enhancement Paragraph Count B:  Found True".

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of April, 2020.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

MICHAEL DON GONZALES,
Appellant

No. 05-19-00726-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-81450-
2018.
Opinion delivered by Justice Myers.
Justices Whitehill and Pedersen, III
participating.

Based on the Court's opinion of this date, the nunc pro tunc judgment of the
trial court is **MODIFIED** as follows:
  "Enhancement Paragraph Count A:  Pleaded Untrue"; "Finding on
  Enhancement Paragraph Count A:  Found True"; "Enhancement
  Paragraph Count B:  Pleaded True"; and "Finding on Enhancement
  Paragraph Count B:  Found True".
As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered this 6th day of April, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL DON GONZALES,
Appellant

No. 05-19-00727-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-81451-
2018.
Opinion delivered by Justice Myers.
Justices Whitehill and Pedersen, III
participating.

Based on the Court's opinion of this date, the nunc pro tunc judgment of the trial court is **MODIFIED** as follows:

"Enhancement Paragraph Count A:  Pleaded Untrue"; "Finding on Enhancement Paragraph Count A:  Found True"; "Enhancement Paragraph Count B:  Pleaded True"; and "Finding on Enhancement Paragraph Count B:  Found True".

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of April, 2020.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL DON GONZALES,
Appellant

No. 05-19-00731-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-81453-
2018.
Opinion delivered by Justice Myers.
Justices Whitehill and Pedersen, III
participating.

Based on the Court's opinion of this date, the nunc pro tunc judgment of the
trial court is **MODIFIED** as follows:
   "Enhancement Paragraph Count A:  Pleaded Untrue"; "Finding on
   Enhancement Paragraph Count A:  Found True"; "Enhancement
   Paragraph Count B:  Pleaded True"; and "Finding on Enhancement
   Paragraph Count B:  Found True".
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of April, 2020.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL DON GONZALES,
Appellant

No. 05-19-00733-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-81455-
2018.
Opinion delivered by Justice Myers.
Justices Whitehill and Pedersen, III
participating.

Based on the Court's opinion of this date, the nunc pro tunc judgment of the trial court is **MODIFIED** as follows:

"Enhancement Paragraph Count A:  Pleaded Untrue"; "Finding on Enhancement Paragraph Count A:  Found True"; "Enhancement Paragraph Count B:  Pleaded True"; and "Finding on Enhancement Paragraph Count B:  Found True".

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of April, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL DON GONZALES, Appellant

No. 05-19-00734-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-81454-2018.
Opinion delivered by Justice Myers. Justices Whitehill and Pedersen, III participating.

Based on the Court's opinion of this date, the nunc pro tunc judgment of the trial court is **MODIFIED** as follows:
> "Enhancement Paragraph Count A:  Pleaded Untrue"; "Finding on Enhancement Paragraph Count A:  Found True"; "Enhancement Paragraph Count B:  Pleaded True"; and "Finding on Enhancement Paragraph Count B:  Found True".

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of April, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL DON GONZALES,
Appellant

No. 05-19-00750-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-81452-
2018.
Opinion delivered by Justice Myers.
Justices Whitehill and Pedersen, III
participating.

Based on the Court's opinion of this date, the nunc pro tunc judgment of the trial court is **MODIFIED** as follows:

"Enhancement Paragraph Count A: Pleaded Untrue"; "Finding on Enhancement Paragraph Count A: Found True"; "Enhancement Paragraph Count B: Pleaded True"; and "Finding on Enhancement Paragraph Count B: Found True".

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of April, 2020.